UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ELMO RIVADENEIRA, | : | |
| Petitioner, | : | Civ. No. 21-1455 (KM) |
| | : | |
| v. | : | |
| | : | |
| WARDEN JONATHAN GRAMP, et al., | : | **MEMORANDUM AND ORDER** |
| Respondents. | : | |
| | : | |

In this habeas corpus proceeding brought pursuant to 28 U.S.C. § 2254, pro se Petitioner Elmo Rivadeneira challenges his conviction and sentence for the kidnapping and sexual assault of a sixteen-year-old victim on May 17, 2005. (DE 1.) I previously granted pro se Petitioner's request for an order directing Respondents to mail their complete opposition papers to Petitioner, and for additional time to reply.[1] (DEs 7, 8, 18.) Petitioner now moves to "perfect the record," for a stay, and for appointment of counsel. (DE 10.) Respondents oppose those applications in part (DE 12), and Petitioner has filed a reply (DE 20). For the reasons below, I will grant the request to perfect the record and the stay, and will deny without prejudice the request for appointed counsel.

Having reviewed the documents which Respondents attached to their opposition—according to Petitioner, "in a great disarray, and in no particular order"—Petitioner states that he now sees the need to "perfect the record." (DE 10 at 2.) Petitioner argues that Respondents failed to attach to their Answer an Appellate Division decision, a prosecutor's affirmation from post-conviction proceedings, and grand jury transcripts. (DE 10 at 2-3.) Of the documents that Petitioner seeks to add to the record, Respondents consent only to the February 28, 2007 grand jury transcript. (DE 12 at 2.)

Rule 7(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that "[i]f the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." Rule 7's advisory notes state that "the purpose [of the rule] is to enable the judge to dispose of some habeas petitions not dismissed on the pleadings, without the time and expense required for an evidentiary hearing." "Unless it is

---

[1] After an extension, Petitioner filed a traverse brief. (DE 21.)

clear from the pleadings and the files and records that the prisoner is entitled to no relief...[i]t may be perfectly appropriate…for the district court to proceed by requiring that the record be expanded." *Flores v. Holloway*, No. 3:17-cv-00246, 2018 WL 573121, at *4 (M.D. Tenn. Jan. 26, 2018) (quoting *Raines v. United States*, 423 F.2d 526, 529–30 (4th Cir. 1970)).

Respondents argues that the documents are either irrelevant or that Petitioner failed to exhaust claims relating to those documents in state court. (DE 12 at 2-3.) As Petitioner argues in reply, however, the documents he seeks to add to the record were, indeed, presented in state post-conviction proceedings. (DE 20 at 1-4.) Accordingly, I find that the documents have at least potential relevance, and are properly included in the record for this Court's review. After the stay granted herein, Respondents will have an opportunity to more fully respond to any additional arguments based on those supplemental documents.

I turn to the request for a stay. Petitioner argues that Respondents' answer attached, for the first time, a "Bode Technology Supplemental Forensic Case Report" addressed to the trial prosecutor and dated September 15, 2011 (several days before trial). (DE 4 at 3.) According to Petitioner, the report informs the prosecutor that DNA analysis of a pair of overalls given to one of the victims by her attacker excluded both Petitioner and the victim's boyfriend. (*id.* at 3-4.) Thus, argues Petitioner, he should be permitted to return to state court to argue prosecutorial misconduct based on failure to turn over exculpatory evidence.

As the U.S. Supreme Court has explained,

> stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Rhines v. Weber,* 544 U.S. 269, 277 (2005).

If a petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics," a district court should grant a stay. *Id.* at 278; *accord Gerber v. Varano*, 512 F. App'x 131, 135 (3d Cir. 2013). The petitioner bears the burden of demonstrating that he is entitled to such a stay. *See Urcinoli v. Cathel*, 546 F.3d 269, 275 n.8 (3d Cir. 2008) ("a district court should allow a petitioner to stay only if he can demonstrate good cause for the

failure to first exhaust his claims in state court, the unexhausted claims are not plainly meritless, and the petitioner has not engaged in 'abusive litigation tactics or intentional delay'") (citing *Rhines*, 544 U.S. at 277-78)).

Respondents appear to be correct that the supplemental report was not raised in any state proceedings. Of course, if this is the first time the supplemental report has been produced (which Respondents do not seem to dispute), Petitioner could not have earlier raised any claims based on that report. Accordingly, I find that Petitioner had good cause for failing to previously raise any claim relating to the 2011 supplemental report.

Respondents are also correct, however, that the jury was informed of Petitioner's DNA exclusion. (DE 12 at 2.) The parties stipulated at trial that an earlier DNA report from July 2006 excluded Petitioner. (DE 10-3 at 29-30.) The 2011 report was a supplement to the 2006 report. The exact contents of the 2006 report, and how they substantively differ from the 2011 report, are unclear. Respondents' opposition does not analyze the differences. More immediately important, however, is Respondents' failure to explicitly oppose a stay for the purpose of permitting Petitioner to exhaust claims related to the 2011 report. Because the claims are not certainly, but potentially, meritorious, I will grant a stay to ensure that Petitioner has had a full opportunity to present and exhaust all claims.

Respondents argue that Petitioner has in the past asserted unsuccessful claims of newly discovered evidence. (DE 12 at 2) That argument is neither here nor there, in that it says little about the merits of this request. Nor is there any reason to suspect a dilatory motive, as Petitioner is imprisoned and has little incentive to drag out this habeas litigation. Accordingly, I will grant Petitioner's motion for a stay.

Because I am granting that motion, Petitioner's remaining request for appointed counsel is premature, and I will deny it without prejudice.

**IT IS THEREFORE,** this 23d day of February, 2022,

**ORDERED** that Petitioner's motion (DE 10) is GRANTED IN PART and DENIED IN PART, as follows:

1. Petitioner's motion for a stay to permit exhaustion of claims in state court is GRANTED nunc pro tunc, effective as of the date he filed the motion.
2. The Clerk of Court shall ADMINISTRATIVELY TERMINATE this action.

3

3. Petitioner shall file any request to reopen this action within thirty days after the exhaustion of his claims in state court.
4. Petitioner's motion to perfect the record is GRANTED.
5. Petitioner's motion to appoint pro bono counsel is DENIED WITHOUT PREJUDICE.
6. The Clerk of the Court shall send a copy of this memorandum and order to plaintiff by regular U.S. mail.

/s/ Kevin McNulty
_____
KEVIN MCNULTY
United States District Judge